UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KENSHAWN KING** | **CIVIL ACTION NO. 3:15-cv-2709** |
| **LA. DOC #414038** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **OFFICER POWERS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenshawn King, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 16, 2015. When he filed this complaint, he was a prisoner in the custody of the Louisiana Department of Corrections (DOC) who was confined at the Jackson Parish Correctional Center (JPCC). He is currently confined at the Bossier Medium Correctional Center; however, he complained about incidents that occurred when he was incarcerated at the River Bend Detention Center (RBDC). He sued RBDC Corrections Officers Netmyer and Powers[1], Warden Hedgemen, Assistant Warden Knight, and the Department of Corrections. He prayed for a transfer to a DOC facility and for an unspecified amount of compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

---

[1] Plaintiff names Officer Powers as a Defendant in his Original Complaint. However, in subsequent filings, he refers to Officer Powell. [Rec. Doc. 13-1, pp. 3-5] As it is clear that plaintiff is referring to the same individual, the Court will refer to him as he is named in the original complaint, Officer Powers.

While incarcerated at the RBDC on September 28, 2014, Plaintiff alleges that he was physically assaulted, without provocation, by Officer Powers while in the presence of several inmates and an Officer Clay. [Rec. Doc. 13-1, p. 7] Specifically, he asserts that Officer Powers entered his dormitory and began to yell at everyone. *Id*. For no apparent reason, he grabbed Plaintiff by the neck and began choking him. Feeling threatened, plaintiff "took the officer's hand from his neck," at which time the officer punched him in the chest and slapped him in the back of the head. *Id.* Officer Powers also punched plaintiff in the neck. *Id.* Following this incident, plaintiff was transported to an area hospital and treated for acute respiratory failure and uncontrollable bowel movements. [Rec. Doc. 1, p. 6]

Plaintiff also makes allegations of sexual assault by Officer Netmyer, stemming from a January 5, 2015, incident during pursuant to which Netmyer allegedly groped him in a sexually inappropriate manner by grabbing and squeezing his buttocks. *Id*.

Plaintiff asserts that Warden Hedgemen and Assistant Warden Knight failed to investigate these incidents and that grievances submitted to the DOC were also ignored. *Id.*

On February 11, 2016, plaintiff was directed to amend his complaint to provide:

(1) the name of each person who allegedly violated plaintiff's constitutional rights;
(2) a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;
(3) the place and date that each event occurred;
(4) a description of the alleged injury sustained as a result of the alleged violation;
(5) a detailed description of the alleged sexual assaults and the injuries sustained;
(6) facts sufficient to demonstrate either personal involvement on the part of the Warden and Assistant Warden or the implementation of unconstitutional polices by either or both;
(7) facts that to demonstrate that the use of force alleged was a violation of his Constitutional right and not an appropriate exercise of force under the circumstances.

On March 1, 2016, plaintiff filed a Response/Amended Complaint[2]. [Rec. Doc. 13] While the Response/Amended Complaint itself failed to provide most of the information ordered by the Court, he did attach, in addition to several irrelevant documents, a detailed account of the incident involving Officer Powers. [Rec. Doc. 13-1, p. 7]

## *Law and Analysis*

**1. Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief

---

[2] The Amended Complaint also referenced unrelated claims stemming from a battery involving a correctional officer. As this charge is not the subject of the instant matter, the Court will not address this issue.

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Officer Netmyer

Plaintiff's claims against Officer Netmyer are without merit. To establish an Eighth Amendment claim, plaintiff must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999). Moreover, 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*citing Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Plaintiff's allegations that Officer Neymyer touched him inappropriately is not an allegation that the actions of the defendant resulted in any physical injury. Plaintiff's claim thus does not overcome § 1997e(e)'s prohibition.

Therefore, plaintiff's claims against Officer Netmyer lack an arguable basis in law and should be dismissed, with prejudice, as frivolous.

### 3. Warden Hedgmen and Assistant Warden Knight

Plaintiff's claims against Warden Hedgemen and Assistant Warden Knight are likewise without merit. To the extent that he seeks to visit liability on them based upon their supervisory positions, he has failed to state a claim for which relief may be granted. The acts of subordinates trigger no individual liability for supervisory officers under § 1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held

liable only when he is either personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or in those instances where there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (per curiam). Plaintiff has alleged no facts demonstrating personal involvement by Hedgemen and Knight, nor has he alleged any facts showing any causal connection between their acts or omissions and the alleged constitutional violation.

He also claims Hedgemen and Knight are liable for failing to adequately investigate and resolve his grievances or complaints. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See, e.g., *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir.1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979); see also, *Adams v. Rice*, 40 F.3d 72, 75 (4th cir.1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."); *Flick v. Alba*, 932 F.2d 729, 729 (8th

Cir.1991)(per curiam)(concluding that federal regulations providing for an administrative remedy procedure in the Bureau of Prisons "do not in and of themselves create a liberty interest in access to that procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.) (holding that state prisoners have "no legitimate claim of entitlement to a grievance procedure" and therefore no liberty interest protected by due process), *cert. denied*, 488 U.S. 898 (1988). Accordingly, these claims lack an arguable basis in fact and law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 4. Louisiana Department of Public Safety and Corrections

Plaintiff sued the Louisiana Department of Public Safety and Corrections. However, the Louisiana Department of Public Safety and Corrections is immune from suit under the Eleventh Amendment. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir.1999) (*per curiam*); *Rogers v. Department of Corrections*, 263 F.3d 163 (5th Cir. 2001) (*per curiam*).

### 5. Officer Powers

Plaintiff's claims against Defendant Powers should survive initial review. Service of process with respect to this defendant has been authorized in a separate order.

*Recommendation*

Therefore, considering the foregoing,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint against the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** be **DISMISSED WITH PREJUDICE** because that Defendant is immune from suit under the Eleventh Amendment;

**IT IS RECOMMENDED THAT** plaintiff's civil rights claims against **OFFICER NETMYER**, **WARDEN HEDGEMEN** and **ASSISTANT WARDEN KNIGHT** be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 4, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**