UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **KENSHAWN KING** | * | **CIVIL ACTION NO. 15-2709**<br>**SEC. P.** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **POWERS ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for class certification and appointment of class counsel, styled as a motion for "Certification Order" [doc. # 44], filed by plaintiff Kenshawn King. For reasons set forth below, it is recommended that the motion be **DENIED**.

## Law and Analysis

King currently has a section 1983 action pending against Officer Randy Powell for an incident that occurred at the Riverbend Correctional Facility on October 20, 2014. [doc. #1]. Without further explanation, Plaintiff now seeks that a "Certification Order (c) type under Rule 23(g) be imposed on [his] behalf." [doc. #44].

A certification order is only issued if the Court determines that an action should be certified as a class action. Class actions are governed by Federal Rule of Civil Procedure 23. To warrant class certification, all of Rule 23(a)'s threshold requirements must be satisfied as well as one of the conditions contained in Rule 23(b). *M.D.* ex rel. *Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012). As the party seeking certification, King bears the burden of proof to establish that the proposed class satisfies the requirements of Rule 23. *Id.*

A class may be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Furthermore, plaintiff must satisfy one of the conditions of subsection (b)—the subsection delineating three "types" of class actions that may be brought. *See id*. 23(b).

King has failed to provide any evidence establishing that he has satisfied the requirements of Rule 23. Furthermore, King fails to articulate, or even mention, any kind of proposed class he seeks to represent. He simply asks, in a conclusory fashion, that a "certification order (c) type under Rule 23(g) be imposed." This is clearly insufficient to satisfy Rule 23.[1] *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."). Accordingly,

For the above-assigned reasons, **IT IS RECOMMENDED** that Plaintiff's motion for class certification, [doc. # 44], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[1] Subsection (g) of Rule 23 deals with appointing class counsel. Only when a Court determines that an action should be certified as a class action will it consider subsection (g). As King fails to establish that his action should be certified as a class action, there is no need to appoint class counsel.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 5th day of December 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE